UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE REBERGER,<br><br>    Plaintiff<br><br>v.<br><br>JAMES DZURENDA, et. al.,<br><br>    Defendants | Case No.: 3:17-cv-00552-RCJ -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 68 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Tony Slonim's motion to dismiss or motion for a more definite statement. (ECF Nos. 68, 68-1.) Plaintiff filed a response. (ECF No. 80.) Slonim filed a reply. (ECF No. 85.)

After a thorough review, it is recommended that Slonim's motion be denied.

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 15.)

The court screened Plaintiff's complaint under 28 U.S.C. § 1915A, and allowed Plaintiff to proceed with the following claims: (1) a claim under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) in Count I against Dzurenda, Aranas, Deal, Filson, Gittere, H. Byrne, Flores, Q. Byrne, Sandoval, Laxalt and Cegavske, based on allegations that he is not permitted to participate in any prison activities and is locked down in administrative-segregation

("ad-seg") for 23 hours a day, seven days a week; (2) an Eighth Amendment deliberate indifference to serious medical needs claim in Count I against Dzurenda, Aranas, Slonim, and Meyer, based on allegations that they have a "7-day rule" which causes Plaintiff to miss doses of his HIV medication on a regular basis, increasing the risk that his medication will become resistant, and they fail to make sure he receives his medication on time; (3) an Eighth Amendment conditions of confinement claim in Count I against Nash based on allegations that there are high levels of lead and sulfur in the drinking water; (4) an Eighth Amendment conditions of confinement claim in Count II against Dzurenda, Aranas, Deal, Sandoval, Cegavske, and Laxalt, based on allegations that he has been intentionally kept in ad-seg for twelve years. (ECF No. 14.)

The Attorney General's Office represents Aranas, Q. Byrne, Cegavske, Deal, Dzurenda, Flores, Gittere, Laxalt, Nash, and Sandoval. Slonim was served on August 10, 2021. (ECF No. 65.) Plaintiff has been granted an extension of time to serve Meyer. (ECF No. 84.) A notice of intent to dismiss H. Byrne and Filson has been issued. (ECF No. 89.)

Slonim has filed a motion to dismiss the complaint for failure to timely serve him under Federal Rule of Civil Procedure 4, or alternatively, for an order requiring Plaintiff to provide a more definite statement. (ECF No. 68.)[1]

## II. DISCUSSION

**A. Motion to Dismiss for Insufficient Service**

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to assert the defense of insufficient service of process in a motion.

---

[1] Slonim moves for a more definite statement under *NRCP* 12(e); (ECF No. 68 at 1:22-23) however, the court assumes Slonim meant to invoke *Federal Rule of Civil Procedure* 12(e) as this action was filed in *federal court*.

2

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister,* 734 F.3d 967, 974-75 (9th Cir. 2013) (quotation marks and citation omitted).

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley*, 734 F.3d at 975 (quotation marks and citation omitted). "However, [n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id*. (quotation marks and citation omitted, alteration original).

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Crowley,,* 734 F.3d at  (quoting *Lemoge v. United States*, 587 F.3d 1188, 1189 (9th Cir. 2009)).

"Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge*, 587 F.3d at n. 3 (citation omitted). "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his

3

complaint were dismissed.'" *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

The Ninth Circuit has held that "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after*" expiration of the 90-day period." *Efaw v. Williams*, 473 F.3d 1038, 1041 (citation and quotation marks omitted). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw*, 473 F.3d at 1041.

Plaintiff submitted his complaint to the court on September 11, 2017. (ECF No. 1-1.) District Judge Jones initially entered an order dismissing the complaint with prejudice, finding that Plaintiff had three strikes under 28 U.S.C. § 1915(g), and he failed to pay the filing fee. (ECF Nos. 5, 6.) Plaintiff appealed. (ECF No. 8.) On August 12, 2020, the Ninth Circuit issued its memorandum for reversal and remand, finding that Plaintiff alleged he was under imminent danger of serious physical harm, satisfying the imminent danger exception to the three-strikes rule. (ECF No. 12.)

As a result, the district court issued its screening order on remand and filed the complaint on September 22, 2020. (ECF Nos. 14, 15.) As is the court's practice in section 1983 conditions of confinement actions filed by inmates, the court stayed the case for 90-days to allow Plaintiff and Defendants to participate in the court's early mediation program. The court included its typical language in the screening order that the Clerk electronically serve a copy of the order and a copy of the complaint on the Office of the Attorney general for the State of Nevada, noting that this did not indicate acceptance of service. The court also directed the Attorney General's Office to advise whether it would enter a limited notice of appearance on behalf of Defendants for purposes of settlement. (ECF No. 14 at 10-11.) It appears the court inadvertently overlooked

Plaintiff's allegations that defendants Slonim and Meyer were employed with Renown Regional Medical Center, and were not employees or former employees of NDOC.

The Attorney General's Office entered a limited notice of appearance for purposes of participating in the early mediation program on October 13, 2020. (ECF No. 17.) The early mediation conference was held on December 1, 2020, but a settlement was not reached. (ECF No. 20.) The Attorney General's Office filed its status report regarding the outcome of the settlement conference on December 7, 2020. (ECF No. 21.) On December 8, 2020, the court granted Plaintiff's application to proceed *in forma pauperis* (IFP), and ordered the Attorney General's Office to advise the court within 21 days whether it would accept service for the defendants or provide a last known address under seal for those defendants for whom it would not accept service. (ECF No. 22.) Again, it appears the court inadvertently overlooked that Slonim and Meyer were not employees or former employees of NDOC. The Attorney General's Office filed its notice of acceptance of service, accepting service for some defendants, and filed last known addresses for others, but it did not address service on Slonim or Meyer. (ECF Nos. 23, 24.)

On December 29, 2020, the undersigned ordered summonses issued for those defendants for whom the Attorney General did not accept service, but overlooked defendants Slonim and Meyer. (ECF Nos. 26, 27.)

The defendants represented by the Attorney General's Office filed their answer on February 8, 20201, and the court issued its first scheduling order the following day. (ECF Nos. 31, 32.)

On April 19, 2021, the court issued a notice of intent to dismiss Filson, Byrne, Meyer and Slonim. (ECF No. 45.)

On June 22, 2021, Plaintiff filed a motion for the U.S. Marshals to serve Slonim and Meyer, and sought a 60 to 90-day extension of time to serve them. (ECF No. 49.) The next day, the court directed the Attorney General's Office to advise the court whether it could accept service for Slonim and Meyer, and if not, file their last known addresses under seal. The court vacated the notice of intent to dismiss Slonim and Meyer, and denied without prejudice Plaintiff's motion for an order for the US Marshals to serve Slonim and Meyer and for an extension of time to serve them. (ECF No. 50.)

On July 7, 2021, the Attorney General's Office filed a notice that it could not accept service for Slonim and Meyer. (ECF No. 57.) The following day, the court ordered the issuance of summonses for Meyer and Slonim. (ECF Nos. 59, 60.)

Slonim was served on August 10, 2021. (ECF No. 65.)[2] Slonim filed this motion on August 31, 2021.

Plaintiff might have made a motion earlier addressing service on Slonim; however, under the circumstances, where the court's orders concerning the 90-day stay and the early mediation process and initial orders regarding acceptance of service did not take into account that Slonim was not an employee or former employee of NDOC, the court finds that Plaintiff has at least demonstrated excusable neglect for not timely serving Slonim. This justifies an extension of the deadline to serve Slonim after expiration of the deadline.

Here, Slonim has received actual notice of the lawsuit. In addition, the court will be entering a separate order allowing discovery to proceed between only between Plaintiff and Slonim and vice versa; therefore, Slonim will not suffer prejudice in defending this action as a

---

[2] The court has granted Plaintiff's request for an extension of time to serve Carol Meyer, giving Plaintiff until January 7, 2022, to serve Meyer. (ECF No. 84.)

result of the extension. Finally, Plaintiff would obviously be prejudiced if his complaint were dismissed against Slonim.

For these reasons, Slonim's motion to dismiss for insufficient process should be denied.

**B. Motion for More Definite Statement**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." *Id*.

Motions for a more definite statement are disfavored and rarely granted. *See Banks v. Lombardo,* No. 2:20-cv-00556-APG-NJK, 2021 WL 3549890, at * 1 (D. Nev. Aug. 11, 2021) (citing *Herd v. Cnty. of San Bernadino*, 311 F.Supp.3d 117 (C.D. Cal. 2018)). The motion must be considered in light of the modest pleading standards required by the Federal Rules of Civil Procedure. *Id*. When analyzing the pleading of a pro se plaintiff, courts are particularly mindful that such filings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). "[T]o withstand a motion under Rule 12(e) a pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." 5C Wright & Miller, *Federal Practice & Procedure* § 1376 (3d ed. )

As Magistrate Judge Koppe astutely pointed out in *Banks*:

> Although a defendant may not be prohibited from filing a motion for more definite statement following issuance of an order screening a *pro se* prisoner's complaint, *see Harris v. Ford*, 32 F.Supp.2d 1109, 1111 (D. Alaska 1999) (*dicta*), a court's ability at the screening phase to discern sufficient allegations for the plaintiff to state a claim would generally indicate that the complaint is not

> so unintelligible that a responsive pleading cannot be filed, *see, e.g., Sherman v. Aguilar,* 2011 WL 832263, at *2 (S.D. Cal. Mar. 3, 2011) (noting that the "Court was not at all confused" by the complaint as evidenced by the issuance of an extensive screening order providing notice to the defendants as to the claims against them); *Pamer v. Schwarzenegger,* 2010 WL 785851, at *2 (E.D. Cal. Mar. 4, 2010) (finding the complaint sufficiently understandable to survive a motion for more definite statement because, "[a]s the court previously determined [in the screening order], Plaintiff's complaint raises issues relating to his medical care, failure to protect, and retaliation. While Plaintiff's claims may not be eloquently stated, they are sufficiently set forth as to be understandable.").

*Banks*, 2021 WL 3549890, at *1.

Slonim argues that the complaint does not provide a basis for this court's jurisdiction as to Dr. Slonim; it is silent as to what conduct on the part of Slonim gives rise to this litigation; it does not state whether Slonim is alleged to have violated state or federal law; the allegations are threadbare recitals which do not inform Slonim of the allegations against him; and the alleged conduct is lumped together with other Defendants making it impossible to identify the allegations against him.

Here, as in *Banks*, District Judge Jones issued an extensive screening order that provides a detailed discussion of the allegations and the claim allowed to proceed against Slonim. The court specifically stated that Plaintiff could proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Slonim and others. The court further outlined the allegations that gave rise to this claim: that NDOC has a 7-day rule as a result of a contract with Renown CEO/president Slonim and Meyer where the prison can only order Plaintiff's HIV medications 7 days before his prior medications run out. Plaintiff alleges that this does not give sufficient time for Plaintiff to get his new medications, causing him to miss his medications on a regular basis, which puts him at risk for his medication to become resistant so that he develops AIDS. The screening order cited *West v. Atkins*, 487 U.S. 42, 54-55 (1988), for the proposition

8

that a private physician under contract with the state to provide medical services is a state actor for purposes of section 1983.

As such, the complaint, as interpreted by the screening order, provides a basis for the court's jurisdiction over Slonim, and the conduct of Slonim that gave rise to the action. The screening order also clarifies that it is a *federal* civil rights claim under the Eighth Amendment that is proceeding against Slonim. While the allegations might be more eloquent, District Judge Jones found them sufficient to state a colorable claim against Slonim.

Under these circumstances, the court cannot conclude that the complaint, when read in connection with the screening order, is so vague or ambiguous that Slonim cannot reasonably prepare a response. Therefore, Slonim's motion for a more definite statement should be denied.

**C. Nevada Revised Statute (NRS) 41A.071**

Slonim asserts for the first time in his reply brief that Slonim moves to dismiss based on Plaintiff's failure to adhere to the expert affidavit requirements of NRS 41A.071. (ECF No. 85.)

Preliminarily, it is inappropriate to raise a ground for dismissal for the first time in a reply brief. *See Autotel v. Nevada Bell*, 697 F.3d 846, n. 3 (9th Cir. 2012) (citing *Turtle Island Restoration Network v. U.S. Dep't of Commerce,* 672 F.3d 1160, 1166 n. 8 (9th Cir. 2012)).

In addition, while this might be an appropriate defense to assert in a motion to dismiss for failure to state a claim, the screening order has clarified that Plaintiff is proceeding with a *federal* claim for violation of the Eighth Amendment for deliberate indifference to a serious medical need, and not a state law medical negligence claim. Therefore, Slonim's request that the complaint be dismissed for failure to include the affidavit under NRS 41A.071 should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Slonim's motion to dismiss, or alternatively, motion for a more definite statement (ECF No. 68).

The undersigned will issue a separate order addressing discovery as to Slonim as well as the scheduling order deadlines.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 1, 2021

_____
William G. Cobb
United States Magistrate Judge