UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE REBERGER,<br><br>    Plaintiff<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>    Defendants | Case No.: 3:17-cv-00552-RCJ-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 121 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendants Slonim's and Meyer's motion for summary judgment, or in the alternative, summary adjudication. (ECF Nos. 121, 121-1, 121-2.) Plaintiff did not oppose this motion.

After a thorough review, it is recommended that Slonim's and Meyer's motion be granted.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and section 504 of the Rehabilitation Act (RA). (Compl., ECF No. 15.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC), High Desert State Prison (HDSP), Northern Nevada Correctional Center (NNCC), and Ely State Prison (ESP). (*Id*.) Defendants are: Dr. Aranas, Q. Byrne, Cegavske, Deal, Dzurenda, Gittere, Flores, Laxalt, Meyer, Nash, Sandoval, and Slonim.

1  The court screened Plaintiff's complaint. (ECF No. 14.) First, the court allowed Plaintiff to proceed with claims for violation of Title II of the ADA and section 504 of the RA against Dzurenda, Dr. Aranas, Deal, Filson, Gittere, H. Byrne, Q. Byrne, Flores, Sandoval, Laxalt, and Cegavske. H. Byrne and Filson were subsequently dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (ECF No. 100.) These claims are based on allegations that Plaintiff has a disability—human immunodeficiency virus (HIV)—and he was discriminated against because of his disability when, pursuant to NDOC's Administrative Regulation (AR) 610, he was placed in administrative segregation for over 12 years, where he was on lock down for 23 hours a day, seven days a week, and deprived of NDOC's programs, services and benefits.

Second, the court allowed Plaintiff to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dzurenda, Dr. Aranas, Slonim, and Meyer. This claim is based on allegations that these Defendants denied him his HIV medications on several occasions due to a contract NDOC has with Renown employees Slonim and Meyer. Under this contract, Plaintiff claims the prison's medical department can only order Plaintiff's HIV medications seven days prior to the medication running out, which is not enough time for the prison to refill his prescription.

Third, Plaintiff was allowed to proceed with an Eighth Amendment conditions of confinement claim against Nash based on allegations that during his more than 12 years in administrative segregation at NNCC, ESP and HDSP, the water had high levels of lead and sulfur that was not safe to consume.

Finally, Plaintiff was allowed to proceed with an Eighth Amendment claim against Dzurenda, Dr. Aranas, Deal, Sandoval, Cegavske, and Laxalt based on allegations that the more

than 12 years he spent in administrative segregation were a significant hardship that put Plaintiff in imminent danger of serious physical and psychological injuries.

Defendants Slonim and Meyer move for summary judgment, arguing they were not deliberately indifferent to Plaintiff's HIV.[1]

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all

---

[1] The remaining defendants have also moved for summary judgment (ECF No. 120), and the court will address that motion in a separate report and recommendation.

reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove deliberate indifference to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

Deliberate indifference exists when a defendant "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).

NDOC and Renown Regional Medical Center entered into a contract for the provision of HIV/Acquired Immune Deficiency Syndrome (AIDS) specialty health care on site or via telemedicine, and Renown staff providing care would prescribe and dispense drugs from their 340B pharmacy directly to the institutions where the inmates are housed. (ECF No. 121-1 at 15.) According to Defendants, the 340B Drug Pricing Program is a United States government program that requires drug manufacturers to provide outpatient drugs to eligible health care organizations and covered entities at significantly reduced prices to improve access to expensive prescription medications for the uninsured and/or vulnerable patients.

Carol Meyer, APRN, was trained as an HIV specialty care provider and was an employee of Renown Medical Group from 2013 to 2018, where her time was split providing in-person primary care and telehealth education and telehealth HIV care to NDOC inmates. All NDOC inmates that were diagnosed with HIV received care from her as their HIV specialist and were qualified to receive their prescription drugs for treatment of HIV through Renown's 340B pharmacy. (Meyer Decl., ECF No. 121-2.)

Tony Slonim, M.D. was the Chief Executive Officer (CEO) of Renown Regional Medical Center. Slonim did not treat patients in this program, and as such, he did not provide care to Plaintiff. (Meyer Decl. ECF No. 121-2 ¶ 12.)

Plaintiff was diagnosed with HIV in 1989, and his treatment started in 1994 with daily dosages of the HIV medications Norvir and Invirase, which Meyer says are now considered an older/outdated or "legacy" treatment plan. Plaintiff was clear he did not want to explore changes in medications despite recommendations for an updated treatment plan. His lab numbers, nevertheless, remained stable. (Meyer Decl., ECF No. 121-2.)

Following Nurse Meyer's telemedicine encounter with an inmate patient, she would write the prescription which was then sent electronically to the Renown pharmacy. The prescription was received and checked for accuracy, and then the order would be packaged and shipped directly to the prison. The order must go through the NDOC pharmacy staff because they are required to sign for the packaged ordered medications as dispensed from Renown pharmacy. The received package order would be rewritten by the NDOC pharmacy or medical staff to match the medication record of the prescription ordered in the patient's chart. The medication is then dispensed directly from NDOC staff to the inmate. This process can take days due to NDOC policies. (Meyer Decl., ECF No. 121-2.)

According to Meyer, on multiple occasions, Plaintiff refused medical care and often was a last minute "no show" to the scheduled telemedicine appointments. Plaintiff told her that when he was at NNCC, prior to being transferred to ESP, his treating physician at NNCC allowed him to keep his HIV medication at bedside, but when he was transferred this privilege was removed, which caused him to complain. Meyer confirms, however, that the policy was always to have the medication dispensed by NDOC medical staff, and not to be possessed by the inmate. (Meyer Decl., ECF No. 121-2.)

Plaintiff asked Meyer how she refilled his medications and he told him the process. (Meyer Decl., ECF No. 121-2.)

First, Slonim and Meyer provide evidence that Slonim did not provide care to Plaintiff. There is no evidence in the record that Slonim knew of any delays Plaintiff experienced in receiving his medications. Plaintiff did not respond to the motion to create a genuine dispute of material fact on this issue.

Second, Meyer refilled Plaintiff's prescriptions after their telemedicine encounters by sending the prescription to Renown's 340B pharmacy, and the medication was then sent directly to NDOC to be distributed to Plaintiff. Meyer had no involvement in any delays in Plaintiff receiving his medication. Again, Plaintiff did not respond to the motion to create a genuine dispute of fact with respect to his claim against Meyer.

There is no evidence that Slonim or Meyer was deliberately indifferent to Plaintiff's serious medical need; therefore, summary judgment should be granted in their favor.[2]

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Slonim's and Meyer's motion for summary judgment (ECF No. 121).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

---

[2] Slonim and Meyer do not argue they are not state actors under section 1983, presumably, this is because Renown contracted with NDOC to provide this medical care to inmates. *See West v. Atkins*, 487 U.S. 42 (1988) (physician under contract with state to provide medical services to inmates at state prison hospital acted under color of state law).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 19, 2022

_____
Craig S. Denney
United States Magistrate Judge

9